# Court of Appeals
## Tenth Appellate District of Texas

10-25-00464-CV

In the Matter of E.A., a Juvenile

On appeal from the
378th District Court of Ellis County, Texas
Judge William Wallace, presiding
Trial Court Cause No. 25-209

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

E.A. asserts that the juvenile court abused its discretion in waiving its original jurisdiction and transferring this case for prosecution in a criminal district court. *See* TEX. FAM. CODE ANN. § 54.02. We affirm.

STANDARD OF REVIEW AND RELEVANT LAW

For a juvenile court to properly waive its original jurisdiction and transfer a case to district court for criminal proceedings, the juvenile court must find, among other things, that "because of the seriousness of the offense

alleged or the background of the child the welfare of the community requires criminal proceedings."[1]  TEX. FAM. CODE ANN. § 54.02(a)(3).

The appeal of a juvenile court's transfer decision is analyzed in two steps. *Bell v. State*, 649 S.W.3d 867, 887 (Tex. App.—Houston [1st Dist.] 2022, pet. ref'd).  First, we review the juvenile court's findings using the traditional sufficiency review standards.  *Id.*  Then, we review the juvenile court's ultimate waiver decision for an abuse of discretion.  *Id.*

The juvenile court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules and principles.  *Id.*  "By contrast, a waiver decision representing 'a reasonably principled application of the legislative criteria' generally will pass muster under the abuse-of-discretion standard of review."  *Id.* (quoting *In re Z.M.*, No. 02-2100213-CV, 2021 WL 4898851, at *2 (Tex. App.—Fort Worth Oct. 21, 2021, no pet.) (mem. op.)).  In determining whether a transfer is appropriate, the juvenile court must consider the following non-exclusive factors:

(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;
(2) the sophistication and maturity of the child;
(3) the record and previous history of the child; and
(4) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

---

[1] E.A. does not challenge the propriety of any of the other required findings on appeal.  *See id.*

TEX. FAM. CODE ANN. § 54.02(f). Any combination of these factors may suffice to support a waiver of the juvenile court's jurisdiction and not every factor need weigh in favor of transfer. *Bell*, 649 S.W.3d at 886-87.

ANALYSIS

Sixteen-year-old E.A. is accused of committing the offense of murder by intentionally or knowingly causing the death of his mother's fiancé. *See* TEX. PENAL CODE ANN. § 19.02(b)(1). He does not contest that murder is an offense against the person, which weighs in favor of transfer. TEX. FAM. CODE ANN. § 54.02(f)(1).

The juvenile court found that E.A. is of sufficient sophistication and maturity to be tried as an adult. E.A. disagrees. He focuses on his below-average intelligence index score, and he contends that the impulsive manner in which the offense was committed indicates a lack of maturity and sophistication. Below-average intelligence is not determinative of a child's sophistication and maturity. *Bell*, 649 S.W.3d at 893. A child's "sophistication and maturity" speaks to whether he appreciates the nature and effect of his voluntary actions and whether they were right or wrong. *Matthews v. State*, 513 S.W.3d 45, 57 n. 4 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). The record reflects that E.A. knew the difference between right and wrong, understood the potential adverse consequences of his decision, and was aware

of the detrimental effect that his actions had on other people. Viewing the record in the appropriate light, the circumstances surrounding the offense also support a finding of sufficient sophistication and maturity. According to testimony of law enforcement officers, E.A.'s mother's fiancé chastised E.A. in response to a verbal altercation between E.A. and the mother. E.A. said "words to the effect of you're not my father, and I got something to show you." According to the mother, E.A. had made similar statements many times before. This time, however, E.A. went upstairs, where a younger sibling saw him retrieve a handgun from his bedroom. A few moments later, E.A. returned downstairs, pointed the handgun at the fiancé, and shot at the fiancé three times. Additionally, attempts to conceal participation in an offense or to hide evidence of a crime may demonstrate sophistication and maturity. *See Bell*, 649 S.W.3d at 892-93. According to E.A.'s older brother, E.A. exited the residence after the shooting and ran down the road before disappearing from view. Shortly thereafter, E.A. returned to the residence without the gun.

The juvenile court also found that E.A.'s previous history and record indicated that he should be tried as an adult. E.A. points out that this is his first referral to the juvenile department, and his dangerousness level was determined to be "low" in his diagnostic study. Transfer may be warranted even when it is a child's first referral to the juvenile system. *See Rodriguez v.*

*State*, 478 S.W.3d 783, 787-88 (Tex. App.—San Antonio 2015, pet. ref'd). According to the record, law enforcement had been called to E.A.'s residence multiple times for various disturbances involving E.A. and the occupants of the home. Further, the juvenile court may consider disciplinary measures taken by the child's school in determining whether the child's record and previous history weigh in favor of transfer, including poor attendance, unexcused absences, and suspensions. *See Bell*, 649 S.W.3d at 895. The record reflects that E.A. has an extensive history of fighting in school, with E.A. self-reporting participation in approximately thirty fights. His school records reflect multiple stints in the Disciplinary Alternative Education Program and both in-school and out-of-school suspensions, with disciplinary issues including insubordination, campus disruption, excessive tardies and unexcused absences, profanity and inappropriate language, hitting others, fighting, and skipping school.

Finally, the juvenile court found that the public would not be adequately protected – and that E.A. was unlikely to be rehabilitated – by the use of the procedures, facilities, and services currently available to the juvenile court. E.A. argues that the Capital and Serious Violent Offender Treatment Program ("CSVOTP") through the Texas Juvenile Justice Department would adequately protect the public and rehabilitate him without the need to transfer

the case to criminal district court. The juvenile court heard testimony about the availability of the CSVOTP and what the program entails. However, the State presented conflicting evidence that due to E.A.'s age and the seriousness of the offense, transfer to criminal district court was recommended. The juvenile court expressly noted that the seriousness of the offense carried great weight in its decision. As the sole factfinder, the juvenile court was entitled to resolve the conflicting evidence about E.A.'s rehabilitation prospects in the juvenile system and the community's welfare in favor of transfer. *See Bell*, 649 S.W.3d at 896.

We find that the juvenile court's transfer decision was based upon a reasonably principled application of the legislative criteria and did not amount to an abuse of discretion. We affirm the juvenile court's order.

_____

STEVE SMITH
Justice

OPINION DELIVERED and FILED: March 12, 2026

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Affirmed
CV06

